[Crim. No. 896. First Appellate District, Division Two.—September 15, 1920.]

THE PEOPLE, Respondent, v. JOHN GAVIN, Appellant.

[1] APPEAL—JUDGMENT IN CRIMINAL ACTION—DIMINUTION OF RECORD. Where, on an appeal from a judgment in a criminal action, the appellant in writing requested the trial court to make an order as provided in section 1247 of the Penal Code directing the phonographic reporter to transcribe all notes of the testimony of the proceedings on the trial, and 'no order was made, a transcription of the entire record should have been made, and where it is made to appear to the appellate court that certain matters have been omitted from the transcript, it will order a diminution of the record and a further transcription of the proceedings.

MOTION for diminution of the record on an appeal from a judgment of the City and County of San Francisco. Michael J. Roche, Judge. Granted.

The facts are stated in the opinion of the court.

Mrs. E. C. Harrington for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—A purported record on appeal having been filed in this court, consisting of typewritten clerk's transcript and typewritten reporter's transcript, on behalf of the defendant a motion was made for diminution of the record, which motion was supported by affidavits to the effect that the testimony of Allen G. Moran, a witness, was omitted from the record; that certain objections to adjournment on December 17, 1919, and December 18, 1919, on account of the absence of a witness for the prosecution, had been omitted, and that the proceedings, after the jurors had reported that they were unable to agree, by which they were coerced to agree to a verdict of guilty, were omitted from the record. There was no counter-showing other than the transcripts on file. On behalf of the state it was stated that a motion had been made in the trial court to correct the record, which motion had been denied, and it was con-

tended that the only remedy of the appellant in such a case is by a direct appeal from the order denying the motion, as being a special order made after judgment.

Apart from any provisions of the law, it would seem unreasonable that one convicted of crime should be required to languish in jail during the period required for the determination of a collateral appeal, before he could present his appeal from the judgment upon a record such as is provided for in the Penal Code.

It is provided in section 1247c of the Penal Code, that "Upon suggestion to the appellate court . . . that a further transcription of the proceedings is necessary, if in the opinion of the court it is necessary to have a further transcription of the proceedings in the trial court, it may order the same to be transcribed by the phonographic reporter within a time fixed in the order; provided that no further transcription shall be ordered upon the suggestion of the appellant, unless the application therefor was included in the original application made to the trial court." By section 1247 of the Penal Code it is provided that upon an appeal being taken "the defendant must within five days file with the clerk and present an application to the trial court, stating in general terms the grounds of appeal and the points upon which the appellant relies and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon." It is further provided that the court shall, within two days after the filing of such application make an order directing the phonographic reporter to transcribe such portion of his notes as in the opinion of the court may be necessary to fairly and fully present the points relied upon by the appellant. If the court fails to make the order within two days after the application is filed, the notes requested in the application shall be transcribed without such order.

The record shows that within the time limited the appellant in writing requested the court to make an order as provided in section 1247, directing the phonographic reporter to transcribe all notes of the testimony of the proceedings on the trial of the defendant. No order appears to have been made by the court. The entire record, therefore, should have been transcribed.

The reporter's transcript is required to have appended to it the affidavit of the reporter that it is correct. In the present case, the affidavit, omitting purely formal matters, is that "as such phonographic reporter, I took *verbatim* shorthand notes of all the testimony given and of all proceedings had, including all questions to the witnesses and the answers thereto, offers of exhibit evidence, all objections and all motions of counsel in relation to said case, and the rulings of the court with relation thereto; the instructions requested by the defendant and by the court refused or given or not given; all instructions and directions of the court given to the jury, *including the instructions and directions to the jury after they had retired for verdict for one hour and a half and had reported to the court that they were hopelessly divided and could never agree;* all proceedings upon the motion of defendant for a new trial and the proceedings upon the pronouncing of judgment, . . . That my shorthand notes so taken as aforesaid contain a full, true and correct record in phonographic shorthand writing of all of said testimony and of all of said proceedings.

"That I have personally, pursuant to the order and direction of the judge of said court, based upon the defendant's statement of grounds of appeal designating what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon, transcribed from my shorthand writing into longhand writing, all of the testimony given and each and all of the said proceedings and instructions aforesaid upon said trial as above set out; that the foregoing thirty-seven pages of said typewritten matter is a full, true and correct transcription of my said shorthand writing as above said, directed by the judge of said court to be so transcribed in accordance with the statement of said defendant designating said portions requested to be transcribed by defendant on appeal, and that the same is a full, true and correct and *verbatim* statement of all of said matters."

It does not appear from the record that the witness Allen G. Moran testified in the case, nor are the instructions and directions to the jury after they had retired and reported that they were hopelessly divided, mentioned in the reporter's affidavit, incorporated in the transcript. The transcript does not show any objection to the continuances men-

tioned in the uncontroverted affidavits filed on behalf of the appellant.

[1] In view of the foregoing facts it appears to the court that a further transcription of the proceedings in the trial court is necessary, and it is ordered that the phonographic reporter within twenty days from the date hereof transcribe and add to the phonographic report heretofore filed herein such portions of the phonographic report of proceedings taken at said trial as were omitted from the phonographic report filed herein, if any omissions there were, so that the phonographic report, as corrected, shall constitute a transcript of all the notes of the testimony and proceedings of the trial from the time the above entitled case was called for trial to the termination thereof.

The clerk of this court is directed to certify two copies of this order and cause the same to be transmitted one to the clerk of the superior court of the state of California in and for the city and county of San Francisco, and the other to the phonographic reporter who certified said transcript; and the clerk of this court is authorized hereby to permit the withdrawal from the files of this court of the phonographic report, as filed, by the phonographic reporter for the purpose of completing, perfecting, and certifying the same.